[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14436
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60013-KMW


GURTRAM J. JOHNSON,

Plaintiff-Appellant,

versus


OFFICE OF SOCIAL SECURITY ADMINISTRATION,
IRAMA TRINCHET,
VERENE J. PEGUES,
EVELIN DEIVALIE,
DEBORAH DESONZD,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 19, 2013)

Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gurtram Johnson was arrested, indicted, and tried for intimidating employees of the Social Security Administration ("SSA"); the indictment was dismissed after two trials with hung juries. Now Johnson, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action, alleging broadly violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and alleging the torts of defamation, slander, libel, and intentional infliction of emotional distress.  Defendants are SSA and certain SSA employees.[*]  After allowing Johnson to amend his original complaint, the district court concluded that the complaint failed to state a claim and, therefore, dismissed it with prejudice.  We see no reversible error.

We review *de novo* the district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations of fact in the complaint as true and construing them in the light most favorable to the plaintiff.  *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

---

[*] On appeal, Johnson -- ineffectively and incorrectly -- has named, as a defendant, the district court judge who dismissed his complaint.  Johnson, in this appeal, does not assert all the claims that he asserted in district court and has asserted some claims he did not assert in district court; none of these claims are correctly before us.  But our decision is not based on abandonment.

2

A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. at 1965. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Section 1983 confers federal jurisdiction over suits alleging the violation of civil and constitutional rights by state actors only. Federal courts may exercise supplemental jurisdiction over state-law claims only if the state-law claims are substantially related to a claim over which the courts have original jurisdiction. *See* 28 U.S.C. § 1367.

We affirm the district court's dismissal of Johnson's complaint with prejudice. Section 1983 does not confer federal jurisdiction over claims against federal actors like the SSA or SSA employees. Though Johnson's complaint could

be construed as bringing its constitutional claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *Bivens* actions cannot be brought against federal agencies such as the SSA.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 1004-06, 127 L.Ed.2d 308 (1994).

Even when we read the complaint liberally and infer, as did the district court, that Johnson intended to bring a *Bivens* action against the SSA employees, his complaint failed to allege specifically enough how the employees violated his federal constitutional rights; thus, the complaint failed to state a claim under the United States Constitution.  *See Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. Johnson has also failed to plead facts sufficient to support the plausibility of his state-law claims for libel, slander, defamation, or intentional infliction of emotional distress.  *See id*.

AFFIRMED.